**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**MICHAEL R. BROWN**                                                                   **PLAINTIFF**

**v.**                                          Civil No.: 6:20-CV-06166

**JOE JONES,** *et. al.*                                                          **DEFENDANTS**

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's failure to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2) and his failure to prosecute this case.

## I.  BACKGROUND

On December 15, 2020, Lloyd C. Jensen, Jr., then an inmate of the Garland County Detention Center ("GCDC"), filed a Complaint on behalf of himself and 19 other GCDC inmates.  (Case No. 6:20-cv-06147, Doc. 1).  Plaintiff Michael R. Brown is one of those inmates.  (*Id.*).

The Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed IFP.  *See, e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).  Accordingly, the case was provisionally filed, and separate cases were opened for each named inmate.  (Doc. 2). The provisional filing Order directed Plaintiff to either file a completed IFP application or pay the filing fee by January 6, 2021, or his case would be dismissed.  *Id*. at p. 2.  A second Order entered on December 16, 2020, directed Plaintiff to file an Amended Complaint by January 6, 2021.  (Doc. 4).  This Order also advised Plaintiff that failure to

1

obey the Order and submit the required document by the deadline would result in the dismissal of his case. *Id*.

These Orders were returned as undeliverable on December 28, 2020, indicating that Plaintiff was no longer incarcerated in GCDC, and no forwarding address was available. (Doc. 5). The deadline for Plaintiff to inform the Court of his new address was set for January 27, 2021. *Id*. To date, Plaintiff has failed to provide a current address and has not otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure.

## IV.  CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 8th day of February 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE